USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 3, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL C. LEWIS,
    a/k/a "Sweet-El,"

                Petitioner,

    - v -

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

10 Civ. 2381 (PAC)
06 Cr. 245 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On or around March 17, 2010, pro se Petitioner Michael Corey Lewis ("Lewis") moved to be released from custody, arguing that the Court lacked jurisdiction over his case because he is a Moorish American National. The Court liberally construes Lewis's motion as one to vacate his sentence, pursuant to 28 U.S.C. § 2255. For the following reasons, Lewis's petition is DENIED.

## BACKGROUND

On March 16, 2006, Lewis was charged in a one-count indictment with being a felon in possession of a handgun, in violation of 18 U.S.C. § 922(g)(1). (See No. 06 Cr. 245, Dkt. Nos. 1-7). On November 1, 2006, after numerous pre-trial proceedings, Lewis appeared pro se for trial, with the aid of standby counsel. Following jury selection, Lewis pled guilty. (Gov't Opp. Ex. B, Tr. 28:2-28:25).

On March 19, 2007, Lewis moved to withdraw his guilty plea. The Court denied Lewis's motion on March 30, 2007, finding that Lewis's plea was made knowingly and voluntarily. (Id. Ex. C, 7.) On December 4, 2007, the Court sentenced Lewis to 96 months' imprisonment. (Id. Ex. E.) During the sentencing proceeding, the Court notified Lewis of his right to appeal, and that he "must take an appeal within ten days." (See id. Ex. G.)

On January 8, 2008, Lewis filed an untimely notice of appeal. (Id. Ex. F.) This Court, pursuant to United States v. Batista, 22 F.3d 492, 493 (2d Cir. 1994), treated Lewis's notice of appeal as a request

for an extension of time to appeal under Federal Rule of Appellate Procedure 4(b)(4). (Id. Ex. G.) On April 7, 2008, the Court denied Lewis's request, finding Lewis had now shown "good cause" or "excusable neglect" for his delayed filing. (Id.) On June 11, 2008, the Government moved to dismiss Lewis's appeal with the Second Circuit as untimely. (Id. Ex. H.) On July 30, 2008, the Second Circuit granted the Government's motion and dismissed Lewis's appeal for lack of jurisdiction. (Id. Ex. I.)[1]

On March 17, 2010, Lewis filed the instant motion, which Lewis dated December 28, 2009, seeking release from custody because the Court did not have jurisdiction over Lewis's case. (See id. Ex. J.)[2] On June 2, 2010, Lewis filed additional materials raising the same arguments. (See id. Ex. K.)

The Government opposes Lewis's motion, arguing, inter alia, that Lewis's motion is time-barred.

## DISCUSSION

### 1. The Statutory Limitations Period for § 2255 Motions Has Expired

A one-year statute of limitations applies to all motions brought pursuant to § 2255. See 28 U.S.C. § 2255(f). "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). While the Second Circuit has not explicitly addressed the issue, courts have applied this rule—that the judgment becomes final when the time for filing a direct appeal expires—even where the failure to file a direct appeal was due to an untimely notice of appeal. See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

Lewis's motion is untimely under any possible computation. Lewis was sentenced on December 4, 2007. Excluding weekends, Lewis had until December 18, 2007 to file notice of an appeal.[3] Lewis did not file a notice of appeal by this date and, therefore, his judgment became final. Lewis then had

---

[1] The Second Circuit's order was issued as a mandate on September 25, 2008. (Gov't Opp. Ex. I.)
[2] This document was received by the Southern District of New York's Pro Se Office on March 29, 2010.
[3] Under Rule 26(a)(2) of the 2007 Federal Rules of Appellate Procedure, the rules in effect at the relevant time, Saturdays and Sundays were excluded "when the period is less than 11 days."

problems of being incarcerated do not justify equitable tolling." Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003). The Court thus finds equitable tolling is not warranted here.

Having determined that Lewis's § 2255 motion is time-barred, and equitable tolling does not apply, the Court need not address the Government's remaining arguments.

## CONCLUSION

For the reasons above, Lewis's petition to have his sentence vacated is DENIED. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of the Court is directed to terminate this motion and close this case.

Dated: New York, New York
February 3, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed to:
Michael C. Lewis
58782-054
United States Penitentiary McCreary
P.O.Box 3000
Pine Knot, KY 42635

4